**Jean H. NOEL, Plaintiff,**

v.

**CORNELL UNIVERSITY MEDICAL COLLEGE, Defendant.**

**No. 92 Civ. 7290 (MGC).**

United States District Court, S.D. New York.

Feb. 22, 1994.

Jean Hughes Noel, plaintiff, pro se.

Thomas Mead Santoro, Esq., Ithaca, NY, for defendant.

### MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Plaintiff Jean H. Noel brought this action alleging that defendant Cornell University Medical College discriminated against him on the basis of his national origin and a physical handicap. On November 5, 1993 Cornell's motion to dismiss the complaint was granted in part and denied in part. Noel's national origin claims were dismissed but Cornell's motion to dismiss the physical handicap claims was denied. Cornell now moves for reargument. For the reasons discussed below, Cornell's motion is granted and the complaint is dismissed.

### Background

Noel worked for Cornell for approximately 10 years. In 1987 he suffered a back injury and was unable to continue in his position as a receiving clerk. Noel received workers compensation for his injury but ultimately was discharged by Cornell. He alleges that Cornell discriminated against him in April 1988 when it declined to hire him as a desk clerk. In October 1988 Noel contacted the New York State Division of Human Rights ("NYSDHR") and filed a complaint alleging that he was not hired because he had a herniated disc. In April 1992 the NYSDHR ruled that there was no probable cause to support a charge of discrimination. Noel commenced this action in October 1992.

There are only two possible statutory bases for Noel's claim, the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990. However, Noel is barred from proceeding under either statute.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits discrimination against qualified handicapped individuals by programs receiving certain government funding. Cornell concedes that it is covered by Section 504. Because the Rehabilitation Act does not have its own statute of limitations, the timeliness of claims is measured by the state statute of limitations applicable to personal injury actions. *Morse v. University of Vermont*, 973 F.2d 122, 127 (2d Cir.1992). In this case, therefore, the relevant period is three years, N.Y.Civ.Prac.L. & R. § 214(5) (McKinney 1990). Noel learned that he had not been hired as a desk clerk in April 1988 so under *Morse* he was required to file suit by April 1991. Since this action was not filed until October 1992 it is untimely by approximately eighteen months.

In papers opposing defendant's motion, Noel argues that the limitations period should not be considered to have begun run-

ning until October 1989 because he was on "continuing conduct" at Cornell until that time. This is really a tolling argument. However, in *Morse* the Second Circuit made clear that "the timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory decision." *Morse*, 973 F.2d at 125 (*citing O'Malley v. GTE Serv. Corp.*, 758 F.2d 818, 820 (2d Cir.1985)). Consequently, whatever claim Noel might have had under the Rehabilitation Act is time-barred.

■ If Noel had been turned down for the desk clerk position after July 26, 1992 he might have a claim under section 102 of the Americans With Disabilities Act. 42 U.S.C. § 12112. However, the statute is not retroactive. Pub.L. No. 102–166, § 108 (1990); *see also Verdon v. Consolidated Rail Corp.*, 828 F.Supp. 1129, 1141 (S.D.N.Y.1993).

In short, Noel has failed to plead facts that suggest he can state a claim under any of the potentially applicable statutes. Accordingly, defendants' motion must be granted and the complaint is dismissed.

SO ORDERED.