**Enid M. BENT, Plaintiff,**

v.

**MOUNT SINAI MEDICAL CENTER and Jeanne Vezeris, Defendants.**

**No. 94 Civ. 8027 (JGK).**

United States District Court, S.D. New York.

April 24, 1995.

354

Enid M. Bent, Bronx, NY, pro se.

Christopher A. Considine, Asst. Gen. Counsel, Mount Sinai Hosp., Office of the Gen. Counsel, New York City, for defendants.

## OPINION AND ORDER

KOELTL, District Judge:

The plaintiff in this case, Enid Bent, had been an employee of Mount Sinai Hospital for almost nine years when she was terminated on June 13 or June 14, 1991. Ms. Bent suffers from a thyroid condition, pulmonary fibrosis, cardiac arrhythmia, hypertension, osteoporosis and blindness in the left eye. Following her termination, Ms. Bent brought suit, alleging that the defendants had violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, both in their treatment of her while she was employed and in their decision to terminate her.

The defendants have moved to dismiss the complaint with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The defendants advance two arguments in support of their motion: first, that because the ADA did not become effective until July 26, 1992 and because it is not retroactive, the plaintiff cannot pursue a claim under that statute; and second, that even if the ADA were retroactive, the plaintiff would be foreclosed from pursuing her claim because she failed to file charges with the Equal Employment Opportunity Commission ("EEOC"), a prerequisite to filing a suit in federal court under the ADA.

### I.

The defendants argue that because the plaintiff complains of behavior that occurred before July 26, 1992, the effective date of the ADA, the plaintiff cannot state a claim under the ADA and her complaint must be dismissed.

A court should dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Valmonte v. Bane,* 18 F.3d

992, 998 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

■ The plaintiff claims that the defendants violated Title I of the ADA, which prohibits discrimination in employment on the basis of disability. *See* 42 U.S.C. §§ 12111–12117. She alleges that during the course of her employment, the defendants failed to accommodate her disability, that she was the victim of constant harassment, that she received discriminatory warnings and that she was forced to handle an unfair distribution of work. The plaintiff also contends that her termination violated the ADA. Ms. Bent alleges that after a dispute on June 13, 1991, she was told that she was fired. Upon arriving at work the next day, she received her termination papers. The plaintiff does not allege that the defendants discriminated against her in violation of the ADA at any time after June 14, 1991.

The effective date of the ADA is July 26, 1992. *See* ADA, Pub.L. No. 101–336, 104 Stat. 327, § 108 (1990) (providing that the ADA will not become effective until two years after its enactment on July 26, 1990); 42 U.S.C. § 12111, Historical and Statutory Notes. All of the courts that have addressed the issue of whether the ADA is retroactive unanimously have held that it is not. *See, e.g., Vande Zande v. State of Wisconsin Dep't of Admin.,* 44 F.3d 538, 545 (7th Cir. 1995); *Reyes v. Pacific Bell,* 21 F.3d 1115 (9th Cir.1994) (Table, text in Westlaw); *O'Bryant v. City of Midland,* 9 F.3d 421, 422 (5th Cir.1993); *Noel v. Cornell Univ. Medical College,* 853 F.Supp. 93, 94 (S.D.N.Y.) (Cedarbaum, J.), *aff'd,* 41 F.3d 1502 (2d Cir. 1994) (Table); *Smith v. United Parcel Serv. of Am.,* No. 93 Civ. 5061, 1994 WL 620946, *3 (S.D.N.Y. Nov. 8, 1994) (Martin, J.). Therefore, the plaintiff cannot sustain her claim under the ADA. On this ground alone, the Court is required to dismiss the complaint under Rule 12(b)(6).

**II.**

■ Even assuming that the ADA were retroactive, the defendants argue, correctly, that the Court still would be required to dismiss the complaint because the plaintiff did not file charges with the EEOC, a prerequisite under Title I of the ADA to filing a suit in federal court. *See* 42 U.S.C. § 12117 (adopting for claims under Title I of the ADA the administrative exhaustion requirement of Title VII codified at 42 U.S.C. § 2000e–5); *Finley v. Giacobbe,* 827 F.Supp. 215, 219 n. 3 (S.D.N.Y.1993) (Goettel, J.) (recognizing that Title I of the ADA incorporates Title VII's enforcement procedures); *see also Butts v. City of New York Dep't of Housing Preservation & Dev.,* 990 F.2d 1397, 1401 (2d Cir. 1993) ("When a plaintiff fails to file a timely charge with the EEOC [in a Title VII case], the claim is time-barred. . . . A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge.") (citations omitted).[1]

The plaintiff admits that she did not file charges with the EEOC; she claims that she did not do so because she filed a complaint with the New York City Commission on Human Rights on September 12, 1991. However, rather than excuse her from filing a charge with the EEOC, filing a charge with a state agency merely extends the time that a plaintiff has to file with the EEOC from one

---

1. As the court explained in *Donnelly–Keller v. H & R Block, Inc.,* No. 92–CV–273, 1992 WL 218282 (N.D.N.Y. Sept. 3, 1992), *aff'd,* 992 F.2d 319 (2d Cir.1993) (Table), pursuant to the Supreme Court's holding in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the filing of a timely charge with the EEOC is not a jurisdictional prerequisite to suit in a federal court. *Id.* at *4. The court went on to explain:

    [T]his timeliness requirement, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. It does not follow from this conclusion, however, that plaintiff may forego filing her complaint with the EEOC altogether. In other words, although the timeliness of the filing with the EEOC is in the nature of a statute of limitations, the act of filing is a jurisdictional prerequisite to the commencement of a Title VII suit in the federal courts. Thus, absent plaintiff's filing of a complaint with the EEOC and her receipt of a right to sue letter, this court lacks jurisdiction to entertain plaintiff's Title VII claims.

    *Id.* (citations omitted).

hundred and eighty to three hundred days. *See* 42 U.S.C. § 2000e–5(e); *see also Butts,* 990 F.2d at 1401 (claim is time-barred when a timely charge is not filed with the EEOC within three hundred days); *Skeet v. New York City Dep't of Consumer Affairs,* No. 93 Civ. 2121, 1994 WL 86405, *2 (S.D.N.Y. March 15, 1994) (Leisure, J.) (same). Therefore, even if the ADA were retroactive, which it is not, the plaintiff's failure to file a charge with the EEOC would preclude her from bringing her case in federal court.

For the foregoing reasons, the defendants' motion is granted. The plaintiff's complaint is dismissed with prejudice.

**SO ORDERED.**