No. 85–878.  PAN AMERICAN WORLD AIRWAYS, INC., ET AL. *v.* COOK ET AL.  C. A. 2d Cir.  Certiorari denied.

JUSTICE WHITE, with whom JUSTICE O'CONNOR joins, dissenting.

This petition presents the issue whether an integrated employee seniority list that was adopted by an airline pursuant to a merger plan that the Civil Aeronautics Board (CAB) approved as "fair and equitable" can be attacked collaterally by the airline's employees in an action under the Age Discrimination in Employment Act (ADEA), 29 U. S. C. § 621 *et seq.*  The United States Court of Appeals for the Second Circuit held that respondents are entitled to bring such a collateral ADEA action.  771 F. 2d 635 (1985).  This decision squarely conflicts with *Carey* v. *O'Donnell*, 165 U. S. App. D. C. 46, 506 F. 2d 107 (1974), cert. denied, 419 U. S. 1110 (1975).  *Carey* holds that § 1006 of the Federal Aviation Act, 49 U. S. C. App. § 1486, which vests exclusive jurisdiction in the United States Court of Appeals for the District of Columbia Circuit to review CAB orders, precludes a collateral ADEA action of the type allowed by the Second Circuit in the present case.  I would grant certiorari to resolve this conflict.

No. 85–888.  ADKINS ET AL. *v.* TIMES-WORLD CORP. ET AL.  C. A. 4th Cir.  Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

The United States Court of Appeals for the Fourth Circuit held in this case that it had jurisdiction under 28 U. S. C. § 1292(a)(1) to hear respondents' appeal of a District Court order staying arbitration proceedings to which respondents were parties.  771 F.. 2d 829 (1985).  This holding conflicts with the decisions in *Lummus Co.* v. *Commonwealth Oil Refining Co.*, 297 F. 2d 80 (CA2 1961), cert. denied, 368 U. S. 986 (1962), and *Diematic Mfg. Corp.* v. *Packaging Industries, Inc.*, 516 F. 2d 975 (CA2), cert. denied, 423 U. S. 913 (1975).  I would grant certiorari to resolve this conflict.