70 F.3d 1272
 151 L.R.R.M. (BNA) 2800
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
KETRONIC, INC., doing business as Med-Net Ketronic Respondent.
 No. 95-6389.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1995.
 
 Before: CONTIE, MILBURN, and NORRIS, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its July 14, 1995, decision and order in Case No. 7-CA-36761 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. Sec. 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-36761 is hereby enforced. The respondent, Ketronic, Inc., d/b/a Med-Net Ketronic, Battle Creek, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Coercively interrogating employees regarding their union activities.
 
 
 4
 (b) Threatening employees with plant closure if a union were brought in.
 
 
 5
 (c) Discharging its employees in retaliation for their protected concerted activities or sympathies for or activities on behalf of Local 547, International Union of Operating Engineers, AFL-CIO, or in order to discourage employees from engaging in activities protected by Section 7 of the National Labor Relations Act (the "Act").
 
 
 6
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Offer Gary Myrick, Anthony Dix, David Dewey, and Dennis Drisker immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, and make them whole, with interest, for any loss of earnings and other benefits suffered as a result of the discrimination against them, in the manner set forth in the remedy section of the Board's decision.
 
 
 9
 (b) Remove from its files any reference to the unlawful discharges and notify the employees in writing that this has been done and that the discharges will not be used against them in any way.
 
 
 10
 (c) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 11
 (d) Post at its facility in Battle Creek, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 13
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 14
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT coercively interrogate employees regarding their union activities.
 
 
 17
 WE WILL NOT threaten employees with plant closure if a union were brought in.
 
 
 18
 WE WILL NOT discharge our employees in retaliation for employees' protected concerted activities or sympathies for and activities on behalf of Local 547, International Union of Operating Engineers, AFL-CIO or in order to discourage employees from engaging in activities protected by Section 7 of the National Labor Relations Act.
 
 
 19
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 20
 WE WILL offer Gary Myrick, Anthony Dix, David Dewey, and Dennis Drisker immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, and WE WILL make them whole, with interest, for any loss of earnings and other benefits suffered as a result of our discrimination against them, in the manner set forth in the decision of the National Labor Relations Board.
 
 
 21
 WE WILL notify each of them that we have removed from our files any reference to his discharge and that the discharge will not be used against him in any way.
 
 KETRONIC, INC. D/B/A MED-NET KETRONIC