**Doudou JANNEH, Plaintiff,**

v.

**Marvin RUNYON, Postmaster General, United States Postal Service, United States Postal Service, Thomas Jenkins, Binghamton Postmaster, Binghamton U.S. Postal Service, Defendants.**

No. 95–CV–1752.

United States District Court, N.D. New York.

July 30, 1996.

Office of Feyi Gagi (Feyisitam O. Gaji, of counsel), Binghamton, New York, for plaintiff Doudou Janneh.

United States Postal Service, Law Department of Windsor Field, (Andrew L. Freeman, of counsel), Windsor, CT, for Defendants Marvin T. Runyon, Thomas Jenkins, and Binghamton U.S. Postal Service.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

Defendants now move for Summary Judgment on plaintiff's claims under Title VII.

### A. Facts:

Plaintiff Doudou Janneh was employed by the United States Postal Service on two occasions. He was first hired as a casual (temporary) employee on April 9, 1988 and worked in the Binghamton post office until October 5, 1988. He worked again as a casual employee in the Binghamton post office from December 3, 1988 until December 23, 1988 when his assignment concluded. Plaintiff apparently contacted an Equal Employment Opportunity ("EEO") counselor on four occasions regarding incidents of discrimination that allegedly occurred in relation to this employment.

When claims of discrimination are alleged against a federal employer, federal law requires that the complainant contact an EEO counselor within forty-five days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). Plaintiff apparently complied with this federal regulation when he filed the first three of his EEO claims in a timely manner. On October 14, 1988, after the conclusion of his first casual employment period, plaintiff contacted an EEO counselor alleging that on several occasions he had been discriminated against on the basis of his race, color, and national origin by his co-workers and by a supervisor, most recently on October 3, 1988. (Vrooman Decl., ¶ 8.) Plaintiff also contacted an EEO counselor on October 31, 1988, alleging similar claims of discrimination and harassment by his supervisor and co-workers. (Vrooman Decl., ¶ 9.) On April 26, 1989, plaintiff again contacted an EEO counselor and alleged that discrimination based upon race, color, and national origin had occurred when he was denied reemployment as a casual employee on April 9, 1989. (Vrooman Decl., ¶ 10.)

Plaintiff's fourth and final contact with the EEO counselor is related to plaintiff's claim in this action. This fourth EEO contact, however, did not take place within the requisite forty-five days of the alleged discriminatory act. Plaintiff contacted an EEO counselor on August 29, 1989, alleging claims similar to his earlier (and apparently previously resolved) claims of discrimination based on a denial of reemployment as a casual employee. (Vrooman Decl. ¶ 11.) This contact was untimely, however, as the alleged discrimination occurred in January, 1989, May 23, 1993, May 1, 1994, and in June, 1994. As a result, the Postal Service issued a final agency decision dismissing the claim since Mr. Janneh failed to contact the EEO counselor within the applicable time limit of any of the alleged acts of discrimination. Plaintiff appealed this decision to the Office of Federal Operations of the Equal Employment Opportunity Commission ("EEOC"). Concluding that plaintiff's claims were un-

timely, the EEOC affirmed the Postal Service's final agency decision and advised plaintiff of his right to file a civil action.

Plaintiff initiated the instant action by filing a complaint on December 11, 1995. On March 1, 1996, plaintiff served copies of a Summons and Amended Complaint upon Marvin Runyon, Jr., Postmaster General, Thomas Jenkins, Postmaster of Binghamton, NY, and upon the United States Attorney for the Northern District of New York. In his Amended Complaint, plaintiff alleges that he was discriminated against on the basis of race, color, and national origin in violation of 42 U.S.C. § 2000e–16.[1] Plaintiff alleges his civil rights were violated when he was denied reemployment with the Postal Service as a casual employee. Plaintiff also alleges that Postmaster Jenkins was negligent in failing to preclude these allegedly discriminatory actions. Plaintiff seeks lost wages in the amount of $100,000; projected lost wages in the amount of $250,000; compensatory and punitive damages in the amount of $500,000; and an additional $250,000 for his mental anguish, extreme emotional distress, pain and suffering.

Defendants move for dismissal of the Amended Complaint pursuant to Fed. R.Civ.P. 12(b)(1) and (6), or in the alternative, for summary judgment pursuant to Fed. R.Civ.P. 56. First, defendants argue that plaintiff's discrimination claim is time-barred for failure to initiate his administrative remedies in a timely manner. Defendants further contend that plaintiff has failed to allege, and can not prove, any basis for tolling of this limitation. Second, defendants argue that plaintiff's negligence claim against the Postal Service and its officials must be dismissed as it arises out of the same factual predicate as his discrimination claim, and is, therefore, preempted by Title VII. Defendants argue that plaintiff's failure to name the proper party for such claims and to file an administrative tort claim are additional grounds upon which plaintiff's tort claim should be dismissed. Finally, defendants argue that plaintiff's claims for punitive damages should be dismissed as such damages are unavailable as a remedy in a discrimination action against the federal government.

Plaintiff opposes defendant's motion, but in his opposition papers he conclusorily argues only that the assertions contained in defendant's moving papers are predicated upon erroneous facts and conclusions of law. Nowhere, however, does plaintiff address or explain which of defendants factual claims or legal conclusions are infected with error.

## II. DISCUSSION

■ As an initial matter, this Court must decide if defendant's motion is to be treated as one for summary judgment, pursuant to Rule 56, or a motion to dismiss, pursuant to Rule 12(b)(1) and (6). As stated in Fed. R.Civ.P. 12(b), a motion shall be treated as one for summary judgment and treated according to Rule 56 when matters outside the pleadings are presented to and not excluded by the court in a motion asserting the 12(b)(6) defense.[2] As both plaintiff and defendant have submitted affidavits in conjunction with their motion papers and as this Court has considered such material, defendant's motion shall be treated as one for summary judgment.

### A. The Standard for Summary Judgment

■ Under Rule 56, summary judgment provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried. 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal*

---

1. For reasons unknown, plaintiff improperly references 42 U.S.C. §§ 1981(a) and 1988 instead of U.S.C. § 20002–16, for what are clearly claims under Title VII. Since plaintiff has chosen neither to engage in any substantive opposition to defendant's Motions, nor to otherwise explicate his claims, the Court considers this action as one under Title VII.

2. This requires that all parties have been given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. The parties in the instant matter have had notice of the alternative summary judgment motion and reasonable opportunity to present such material as evidenced by the language of defendant's Motion to Dismiss and plaintiff's Response to that Motion.

*Practice and Procedure,* Civil 2d section 2712, p. 569. Under Fed.R.Civ.P. 56(e), summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

▆▆▆ A motion for summary judgment may be granted when the moving party carries its burden of showing that no triable issues of fact exist. *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). In light of this burden, any inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party. *Id.; see also, United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Once the moving party has met its burden, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). A dispute regarding a material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When reasonable minds could not differ as to the import of the evidence, then summary judgment is proper. *See, Id.* at 250–51, 106 S.Ct. 2505, 2510. Once the movant for summary judgment has established a prima facie case demonstrating the absence of a genuine issue of material fact, the non-moving party must come forward with enough evidence so as to allow a rational trier of fact to find for the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The motion will not be defeated by a non-movant who raises merely a "metaphysical doubt" concerning the facts or who only offers conjecture or surmise. *Id.*

## B. EEOC Requirements

▆▆▆ It is well established that the exhaustion of administrative remedies under § 717(c) of Title VII is a prerequisite to the filing of a civil action asserting claims of discrimination based on race, color, or national origin. *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); *Stewart v. United States I.N.S.,* 762 F.2d 193, 197–198 (2d Cir.1985); *Slaughter v. Runyon,* 1995 WL 780971 *4 (W.D.N.Y.). This exhaustion requirement includes timely compliance with any regulations governing the processing of complaints. *Butts v. City of N.Y. Dep't of Hous. Preservation and Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993); *Benford v. Frank,* 943 F.2d 609, 612 (6th Cir.1991); *Wrenn v. Secretary, Dep't of Veterans Affairs,* 918 F.2d 1073, 1077 (2d Cir.1990), *cert. denied,* 499 U.S. 977, 111 S.Ct. 1625, 113 L.Ed.2d 721 (1991). If a plaintiff fails to meet these requirements, his claim will be time-barred. *See Butts,* 990 F.2d at 1401.

▆▆▆ Because plaintiff's claim is against a federal employer, specific regulations govern the processing of his complaint. Most importantly for the instant analysis, when a complainant seeks to lodge a complaint against a federal employer, the complainant must contact an EEO counselor within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1).[3] Failure to properly exhaust this administrative remedy bars a civil action for discrimination. *See, e.g., Brown,* 425 U.S. at 832–33, 96 S.Ct. at 1967–68; *Guice–Mills v. Brown,* 882 F.Supp. 1427, 1429 (S.D.N.Y.1995); *Knowles v. Postmaster General, U.S. Postal Service,* 656 F.Supp. 593, 597 (D.Conn.1987); *Slaughter,* 1995 WL 780971 *4.

▆▆▆ It is undisputed that plaintiff first contacted an EEO counselor on August 29, 1994, alleging that discrimination based upon race, color, and national origin occurred

---

**3.** For claims of discrimination arising before October 1, 1992, the time limit was 30 days. *See* 29 C.F.R. § 1613.214(a)(1)(i).

when he was denied employment as a casual employee in January, 1989, May 23, 1993, May 1, 1994, and in June, 1994. Even if plaintiff's last denial of reemployment occurred at the *end* of June, 1994, his contact with the EEO counselor did not occur until two months had passed. Therefore, plaintiff failed to initiate contact with an EEO counselor within the requisite time frame.

Plaintiff's failure to contact an EEO counselor within the 45 day period may be excused, however, if he can show that he qualifies for a regulatory or equitable exception to the timeliness requirement.[4] Regulatory exceptions are set forth at 29 C.F.R. § 1614.105(a)(2) which provides:

> The agency or the Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or Commission.

29 C.F.R. § 1614.105(a)(2). In addition, the United States Supreme Court has recognized certain equitable exceptions to the timeliness requirements. The Court has limited these exceptions and permitted equitable tolling in circumstances:

> ... where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complaint has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 457–458, 112 L.Ed.2d 435 (1990), *reh'g den.*, 498 U.S. 1075, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991); *See also Miller v. Int'l. Tel. and Tel. Corp.*, 755 F.2d 20 (2d Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985); *Ryan v. New York State Thruway Auth.*, 889 F.Supp. 70, 78–79 (N.D.N.Y.1995).

■ Defendants contend that plaintiff is unable to demonstrate unfamiliarity with the procedures and time limits for filing EEO claims. Defendants claim that plaintiff received an orientation to the EEO procedures when he was first employed by the Postal Service in 1988. In addition, defendants proffered the declaration of Mark L. Vrooman, Senior EEO Complaints Processing Specialist, who alleges that notices describing the filing procedures for EEO claims have been posted at all times in the Binghamton post office.[5] Vrooman further alleges that plaintiff has demonstrated a familiarity with these filing requirements by initiating three EEO claims in a timely manner in 1988 and 1989. Defendants also contend that any claim by plaintiff that he was unaware of the alleged discrimination would be disingenuous in light of his earlier actions. Finally, defendants point out that plaintiff has not pled any basis for the application of equitable tolling. They further argue that even if the doctrine were properly pled, plaintiff cannot prove any facts that would support the doctrine's application.

■ Plaintiff does not allege any basis, either regulatory or equitable, for an exception to the timeliness requirement. In his opposition to defendant's Motion, plaintiff has failed to address any of defendants' legal arguments and merely asserts that they are based upon erroneous conclusions of fact and law. Plaintiff has likewise failed to file a

---

4. The Court reiterates that plaintiff raises no legal or factual arguments on his own behalf. In an attempt to safeguard plaintiff's important rights, however, the Court has *sua sponte* considered the relevant doctrines.

5. Display of these posters is sufficient to place plaintiff on constructive notice of these require-

ments. The Postal Service is not required to provide each person with personal notice of his or her rights. *Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 60 (2d Cir.1986); *McKinney v. Dole*, 765 F.2d 1129, 1141 (D.C.Cir.1985); *Bailey v. Tisch*, 683 F.Supp. 652, 656 (S.D.Ohio 1988).

Rule 7.1(f) statement as required by Northern District of New York Local Rule 7.1,[6] and he nowhere indicates why he believes defendant's factual and legal conclusions are incorrect. Thus, plaintiff's opposition is insufficient to defeat defendant's Motion for Summary Judgment. In order to defeat summary judgment, the non-moving party must establish the existence of a material fact in dispute. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. As plaintiff's opposition merely sets forth conclusory allegations and contains nothing to dispute the material facts set forth by defendants, plaintiff has not satisfied such a burden.

 While not argued in plaintiff's opposition papers, it is conceivable that plaintiff could raise a continuing violation theory to excuse his failure to timely initiate his administrative remedies. In his affidavit, plaintiff alleges that he was consistently denied re-employment from 1988 to 1995 and that the Binghamton post office has been discriminatory against blacks in hiring. Even if plaintiff's allegations invoke such a theory, however, these claims alone are insufficient to constitute a continuing violation. It is not enough that plaintiff alleges that he was denied employment repeatedly. Rather, plaintiff must allege that an actual procedure employed by the Postal Service, such as a discriminatory senior list or a discriminatory employment test, has resulted in his denial of employment. *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir.1993), *cert. denied,* ── U.S. ──, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994); *Cook v. Pan Am. World Airways, Inc.*, 771 F.2d 635, 646 (2d Cir.1985), *cert. denied,* 474 U.S. 1109, 106 S.Ct. 895, 88 L.Ed.2d 929 (1986), *overruled on other grounds, Lorance v. AT & T Tech., Inc.*, 490 U.S. 900, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989); *Association Against Discrimination in Employment, Inc. v. Bridgeport*, 647 F.2d 256, 274–75 (2d Cir.1981), *cert. denied,* 455 U.S. 988, 102 S.Ct. 1611, 71 L.Ed.2d 847 (1982). As plaintiff has not introduced any material facts to allege that such a procedure existed, but instead simply relies upon his allegation that he has been denied employment repeatedly, his allegations are insufficient to withstand a summary judgment motion.

**C. Punitive Damages and Negligence Claim**

Resolution of plaintiff's claim for punitive damages is unnecessary as the decision herein granting summary judgment in favor of the defendants renders that question moot. Furthermore, this Court declines to exercise pendent jurisdiction and, therefore, will not consider the merits of plaintiff's state tort claim. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**III. Conclusion**

For the reasons stated herein, summary judgment is hereby GRANTED in favor of defendant and against plaintiff on plaintiff's employment discrimination claims. Plaintiff's state law claims are hereby DISMISSED, as is plaintiff's complaint in its entirety.

**IT IS SO ORDERED.**

---

**6.** Northern District Local Rule 7.1(f) provides that "all material facts set forth in the statements served by the moving party shall be deemed admitted unless controverted by the statement served by the opposing party." N.D.N.Y. Local Rule 7.1(f).