**Darren MORRIS, Plaintiff,**

v.

**LOCAL 819, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, and Colum Flaherty, Trustee of Local 819, International Brotherhood of Teamsters, Defendants.**

CV–95–2147.

United States District Court, E.D. New York.

Feb. 14, 1997.

---

Darren Morris, West Babylon, NY, Pro Se.

Cohen, Weiss and Simon, by Joseph J. Vitale, New York City, for the Defendants.

## MEMORANDUM DECISION and ORDER

SPATT, District Judge.

The *pro se* plaintiff, Darren Morris, (the "plaintiff" or "Morris"), initially brought this action against the defendants, Local 819, International Brotherhood of Teamsters, ("Local 819" or "Union"), and Colum Flaherty, International Trustee and Administrator of Affairs of the Local, ("Flaherty") or (collectively the "defendants"), on October 7, 1994 in the Small Claims Court of the Civil Court of the City of New York. According to the defendants, Morris' Small Claims Court complaint alleged "non-representation" by Local 819 and Flaherty, in matters concerning his employment by Island Associated Coop, Inc. ("Island" or "Employer") and sought a refund of his dues paid to Local 819. The defendants assert that because Morris' Small Claims Court complaint appeared to allege that Local 819 and Flaherty had breached the duty of fair representation owed to the plaintiff pursuant to Section 301 of the Labor–Management Relation Act of 1947 ("LMRA"), 29 U.S.C. § 185, the defendants removed the plaintiff's action to federal court pursuant to 28 U.S.C. § 1441. Now, Local 819 moves for an order granting summary judgment pursuant to Fed.R.Civ.P. 56 as to all claims against it and Flaherty moves to dismiss all claims against him under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which the Court can grant relief.

*BACKGROUND*

In August, 1992, Morris was hired by Island as a truck driver. Island is engaged in the business of providing warehouse and delivery services to automobile and automotive parts dealers in New York. The defendants

contend that Island and Local 819 were parties to a collective bargaining agreement effective from July 9, 1991 through July 8, 1994 ("expired agreement"). The parties thereafter negotiated a successor agreement, effective from July 9, 1994 through July 8, 1997 ("current agreement"). The defendants maintain that Island employed three bargaining unit employees: two warehousemen and one driver, and that all three of them, which includes the plaintiff, were members of Local 819 and therefore were covered by the terms of the Agreements.

On January 7, 1994, the plaintiff was injured in an automobile accident on his way to work. According to the defendants, Morris was unable to return to work due to his injuries. On or about May 23, 1994, the plaintiff contacted Island about returning to work, but was informed that it had hired a replacement and that his position was no longer available.

The defendants contend that Morris contacted Local 819 about filing a grievance over Island's refusal to reinstate him. On May 31, 1994, in an effort to assist Morris, Arthur Snow, the then-Business Agent for Local 819, wrote a letter to Island demanding that it reinstate the plaintiff at his previous salary. Following further discussions, Island agreed to reinstate the plaintiff as a warehouseman, not as a driver as he was previously employed. Despite the fact that under the Collective Bargaining Agreement, warehousemen are paid a lower hourly wage than drivers, Island agreed to pay the plaintiff the same rate that he had been receiving as a truck driver. The plaintiff could also return to work retaining his former seniority.

However, according to the defendants, as a condition for reinstatement, Island required that Morris provide a doctor's note stating that he was able to return to work. The doctor's letter submitted by Morris on May 23, 1994 was rejected by Island because it was not on a formal letterhead and did not indicate who was the attending physician. The defendants allege that on June 22, 1994, the plaintiff provided Island with the proper documentation and he resumed work on June 27, 1994. The plaintiff disputes this point. Morris contends that although he was never

asked to submit a doctor's note as a condition for being rehired, he, in fact, submitted numerous doctor's notes which were rejected by his supervisor David Rothman.

The defendants contend that notwithstanding his reinstatement, Morris advised Local 819 that he wanted the Union to pursue a grievance for him over "back pay" for the five weeks between May 23, 1994 when he claimed he was able to return to work and June 27, 1994 when he was actually reinstated. The defendants further assert that Morris complained that he should have been rehired at the same rate of pay of the former warehouseman he was replacing.

On July 20, 1994, the plaintiff raised certain grievances under the collective bargaining agreement, which expired on July 8, 1994. The defendants claim that these grievances included (1) that he was improperly denied a pay increase one month after he was originally hired in August, 1992 and (2) that he was denied overtime and a uniform allowance under the Collective Bargaining Agreement which expired on July 8, 1994. The plaintiff also complained to Local 819 about the appointment of another bargaining unit member as shop steward instead of himself.

According to the defendants, on September 14, 1994 there was a grievance meeting attended by representatives of Island, Timothy Lynch, ("Lynch"), the new Business Agent for Local 819, and the plaintiff. The defendants contend that following this meeting, Lynch notified the plaintiff that Local 819 decided not to arbitrate his grievances. Local 819 determined that any arbitration for "back pay" would be unsuccessful and Island's insistence on a formal doctor's note prior to reinstatement was not unreasonable. In addition, Local 819 advised the plaintiff that he had no contractual basis for insisting that he be paid at the rate of pay of the former warehouseman whom he was replacing.

The defendants further allege that Lynch explained to Morris that there was no merit to his claim of being denied a contractual pay increase in 1992. The pay increase the plaintiff believed he had been denied was de-

signed to bring a new employee's wage rate up from the lower probationary wage rate to the starting wage rate for regular employees. Under the Agreement, Morris was not entitled to that particular increase.

Finally, the defendants allege that Lynch had explained to the plaintiff that there was no basis for his complaint regarding the appointment of another bargaining unit member as shop steward. The plaintiff asserts however that under Article 14 of the Agreement, he was entitled to be appointed shop steward because of his higher seniority. On the other hand, the defendants respond that the Agreement did not state that the most senior employee was entitled to be appointed shop steward. The defendants also allege that notwithstanding the plaintiff's disagreement with Local 819 over this issue, Island had no role in the internal union matter of the selection of a Local 819 shop steward. Thus, this dispute cannot be brought as a "grievance" against Island under the Agreement.

The defendants allege that Lynch not only communicated these decisions to the plaintiff directly, but on October 3, 1994, he sent Morris a letter stating the reasons Local 819 would not prosecute his grievances. According to the defendants, on August 25, 1994, the plaintiff suffered a new injury while working, left the job, and has not sought to return to work for Island.

Local 819 moves this Court for an order granting summary judgment dismissing the Complaint as to all claims against it pursuant to Fed.R.Civ.P. 56 and Flaherty moves for a dismissal of all claims against him under Fed.R.Civ.P. 12(b)(6).

*DISCUSSION*

A. *As to Local 819's motion for summary judgment*

A court may grant summary judgment only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact, *Samuels v. Mockry,* 77 F.3d 34, 35 (2d Cir. 1996), and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *see*

*also* Fed.R.Civ.P. 56(c) (setting forth summary judgment standard). The Court must, however, resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Quaratino v. Tiffany & Co.,* 71 F.3d 58, 64 (2d Cir.1995); *Twin Laboratories, Inc. v. Weider Health & Fitness,* 900 F.2d 566, 568 (2d Cir.1990); *W.A. Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11–12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

According to the Second Circuit "[s]ummary judgment is a tool to winnow out from the trial calendar those cases whose facts predestine them to result in a directed verdict." *United Nat'l Ins. Co. v. Tunnel, Inc.,* 988 F.2d 351, 355 (2d Cir.1993). Once a party moves for summary judgment, the non-movant, must come forward with specific facts showing that a genuine issue exists to avoid the motion being granted. *West–Fair Elec. Contractors v. Aetna Cas. & Surety Co.,* 78 F.3d 61, 63 (2d Cir.1996); *see also Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990) (quoting Fed.R.Civ.P. 56(e)). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510; *see Vann v. New York City,* 72 F.3d 1040, 1049 (2d Cir.1995).

However, mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment. *See Kulak v. City of New York,* 88 F.3d 63, 71 (2d Cir.1996). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *See Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 129 (2d Cir.1996); *Rattner v. Netburn,* 930 F.2d 204, 209 (2d Cir.1991). Finally, the Court is charged with the function of "issue-finding", not "issue-resolution." *Gallo v. Prudential Residential Services, Ltd. Partnership,* 22 F.3d 1219, 1224 (2d Cir.1994).

It is within this framework that the Court addresses the grounds for the present motion for summary judgment.

1. *The "Fair Representation" claim against Local 819*

■ The duty of fair representation is a judicially created rule established due to the status of labor unions as the exclusive bargaining representative for all employees in a given bargaining unit. *See Peterson v. Kennedy,* 771 F.2d 1244, 1253 (9th Cir.1985). In *DelCostello v. Teamsters,* 462 U.S. 151, 164 n. 14, 103 S.Ct. 2281, 2291, n. 14, 76 L.Ed.2d 476 the Supreme Court explained the basis and scope of this duty:

> The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually or to select a minority union as their representative. In such a system, if individual employees are not to be deprived of all effective means of protecting their own interests, it must be the duty of the representative organization to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."

*DelCostello,* 462 U.S. at 164 n. 14, 103 S.Ct. at 2291 n. 14 (quoting *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909–10, 17 L.Ed.2d 842 (1967)).

■ In order to prevail on a claim for a breach of fair representation, the Supreme Court has promulgated a test known as the *Vaca–Hines* test. "Two elements must be proven for a breach of duty of fair representation claim: The union's conduct must, first, have been 'arbitrary, discriminatory or in bad faith,' *Vaca v. Sipes,* 386 U.S. 171, 190 [87 S.Ct. 903, 916–17, 17 L.Ed.2d 842] (1967), and second, it must have 'seriously undermine[d] the arbitral process.' *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 567 [96 S.Ct. 1048, 1057–58, 47 L.Ed.2d 231] (1976)." *Barr v. United Parcel Service, Inc.,* 868 F.2d 36, 43 (2d Cir.1989).

■ Negligence or "tactical errors" on the part of the union are insufficient to establish a breach of the duty of fair representa-tion. *See id.* In addition, " 'as long as the union acts in good faith, the courts cannot intercede on behalf of employees who may be prejudiced by rationally founded decisions which operate to their particular disadvantage.' " *Cook v. Pan American Airways, Inc.,* 771 F.2d 635, 645 (2d Cir.1985), *cert. denied,* 474 U.S. 1109, 106 S.Ct. 895, 88 L.Ed.2d 929 (1986) (quoting *Capobianco v. Brink's Inc.,* 543 F.Supp. 971, 975 n. 3 (E.D.N.Y.1982)). "It is well established that while 'a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion', an employee does not have an absolute right to have his or her grievance taken to arbitration." *Vaca v. Sipes,* 386 U.S. at 191, 87 S.Ct. at 917. "The Supreme Court has long recognized that unions must retain wide discretion to act in what they perceive to be their members' best interests." *Peterson v. Kennedy,* 771 F.2d 1244, 1253 (9th Cir.1985); *see also Ford Motor Co. v. Huffman,* 345 U.S. 330, 337–38, 73 S.Ct. 681, 685–86, 97 L.Ed. 1048 (1953).

Here, Morris contends that Local 819 breached its duty of fair representation because it failed to arbitrate his grievances. According to the plaintiff, Local 819 was required to arbitrate the issues, upon his request, because arbitration is a right "expressly granted to Plaintiff through specific provisions of the Collective Bargaining Agreement." (Plaintiff's memorandum in opposition pp. 1). Moreover, Morris asserts that Arthur Snow, ("Snow"), an Assistant Union Trustee at the time at issue, promised to pursue arbitration to obtain the plaintiff's reinstatement after he was terminated while on disability leave on May 23, 1994. Morris contends that Local 819 has no sound basis for its decision not to arbitrate, a course of action which Morris finds to be unreasonable, discriminatory, and made in bad faith.

Further, the plaintiff contends that he was denied fair representation when the previous officers of Local 819, Richard Scalza, Robert Scalza, and Perry Scalza fraudulently and unlawfully permitted up to 400 people to become "members" of Local 819, for as little as $50 per month, solely to obtain health insurance through the Union. The plaintiff also alleges that Local 819 denied payments

for valid health coverage claims to about 1,000 legitimate members of the Union, while paying about 80% of claims filed by "fake" local members. (See Plaintiff's Memorandum in Opposition, pp. 2).

Morris also questions the credibility of Local 819 officials, specifically, Frank Williams and Timothy Lynch, Business Agents of Local 819 and that this issue constitutes a "genuine interest" for trial. The plaintiff contends that the cumulative, unreasonable, dishonest action by Local 819 officials was prejudicial to him. Further, the plaintiff asserts that Counsel for the defendants submitted a materially false statement to the Court by claiming that the plaintiff was re-hired effective June 25, 1994. Morris contends that June 25 was a Saturday and insists that Island was never open on Saturdays and that he never worked on a Saturday.

Morris maintains that Local 819 officials and counsel for the defendants allegedly presented contradictory information in the defendants 3(g) statements and their memorandum of law in support of their motion for summary judgment and that this is also a genuine issue for trial. The alleged contradictory information involves who participated in the negotiations to reinstate the plaintiff.

In addition, the plaintiff contends that counsel for the defendants and Lynch were unreasonable, incorrect, inaccurate, and erroneous in their interpretation of the Collective Bargaining Agreement with respect to the plaintiff's claim for overtime. The plaintiff asserts that there was no time limitation regarding the filing of grievances under the expired agreement and Lynch's interpretation to the contrary is further evidence of unreasonable, arbitrary, discriminatory, and bad faith action by Local 819. In light of this, the plaintiff contends that he has been denied his right to fair representation.

In addition to the arguments set forth by the plaintiff, Morris makes numerous other allegations against the defendants to support his assertion that their denial to arbitrate his grievances was unreasonable, arbitrary, discriminatory, and made in bad faith and thus in violation of the plaintiff's right to fair representation. While the Court will not expressly state every argument set forth by the plaintiff in this opinion, the Court has considered all of Morris' contentions in rendering its decision.

In opposition, Local 819 alleges that Morris asserts no facts to support his claim that the union acted in an arbitrary, discriminatory bad faith manner in breach of its duty of fair representation when it decided not to arbitrate his grievances.

The defendants contend that individual union members have no absolute right to have their grievances taken to arbitration, *Vaca*, at 191, 87 S.Ct. at 917, and that the plaintiff's burden to demonstrate that a union breached its duty in not arbitrating a grievance, is substantial.

The defendants dispute all of the plaintiff's contentions. The defendants also maintain that it was not unreasonable for Local 819 to conclude that the plaintiff's reinstatement with full seniority at his former rate of pay was the best resolution that Local 819 could have achieved under the circumstances.

The defendants also contend that the plaintiff does not allege facts to support his claim that Local 819 breached its duty of fair representation in declining to arbitrate Morris's wage claims for unpaid overtime or uniform allowance under the Collective Bargaining Agreement which expired on July 8, 1994. Local 819 determined that the plaintiff's claim of an alleged denial of a required pay increase in 1992 was not meritorious because such a pay increase applied only to new employees who had been paid a probationary wage lower than the base starting scale at the beginning of their employment.

In addition, according to the defendants, Morris' overtime and uniform allowance claims had been resolved between Local 819 and Island in negotiations over the successor Agreement, which took effect in August, 1994. This resolution, as reflected in the benefits secured in the successor Agreement, was appropriate because Morris' claims had arisen under the Expired Agreement and were therefore untimely. The defendants contend that these decisions are entirely within the discretion of Local 819 and were not unreasonable or irrational.

The union claims that the record cannot support a finding that Local 819 breached its duty with respect to the plaintiff's complaint that he was not appointed as Union shop steward. Local 819 alleges that this issue could not be "arbitrated" under the Agreement because Island has no role in the selection of the shop steward as this is a uniquely internal union matter. Moreover, Local 819 and Flaherty assert that contrary to the plaintiff's view, the Agreement does not provide that the most senior employee is appointed shop steward.

In sum, the defendants claim that the plaintiff has alleged no facts upon which to base a triable issue with respect to the reasonableness of the Union's interpretation of the Agreements. According to the defendants, while the plaintiff may hold views and interpretations different from those reached by Local 819, the Union's contract interpretations with regard to his grievances were reasonable and are entitled to judicial deference.

■ In the Court's view, the plaintiff has failed to establish that Local 819 breached its duty of fair representation. The Court finds that the plaintiff has not satisfied the *Vaca–Hines* test as promulgated by the Supreme Court in *Vaca,* 386 U.S. at 190, 87 S.Ct. at 916–17 and *Hines,* 424 U.S. at 567, 96 S.Ct. at 1057–58. Local 819's decision not to arbitrate the plaintiff's grievances was not arbitrary, discriminatory or made in bad faith, but was based on solid reasoning and union protocol, all in compliance with the Collective Bargaining Agreements.

■ In this regard, the Court notes the settled rule that individual union members have no absolute right to have their grievances taken to arbitration. *Vaca,* 386 U.S. at 191, 87 S.Ct. at 917; *see e.g., Wozniak v. U.A.W., Local 897,* 842 F.2d 633, 636 (2d Cir.1988) (holding no breach when union chose not to arbitrate case it felt could not be won); *Lapir v. Maimonides Medical Center,* 750 F.Supp. 1171, 1179 (E.D.N.Y.1990) ("where … union has made an informed decision that a grievance is not meritorious, the plaintiff has no right to arbitration"); *Tolentino v. Erickson,* 525 F.Supp. 812, 816 (E.D.N.Y.1981) ("union had wide discretion

to determine in good faith when further pursuit of an individual's grievance would be fruitless and a drain upon the union's limited resources"). The Court finds that where a union has made an informed and reasonable decision that a grievance is not meritorious, the plaintiff has no right to compel arbitration.

Also, this Court in *Camporeale v. Airborne Freight Corp.,* 732 F.Supp. 358 (E.D.N.Y. 1990), granted summary judgment to a union on claims that the union breached its duty in declining to arbitrate the plaintiff's grievance. The Court held that the union's decision not to pursue formal arbitration did not constitute a breach of its duty of fair representation to its employees. The principles enumerated in *Camporeale,* are equally applicable in this case.

Local 819's decision not to arbitrate Morris' claims were informed decisions based on experience, knowledge, and common sense. For example, according to Local 819, the reinstatement of Morris to a position with Island at his previous salary and seniority level was the best solution to the situation. The Court agrees. The decision not to pursue the arbitration on his behalf cannot be construed as being arbitrary, discriminatory, or made in bad faith.

■ Further, the decision not to arbitrate Morris' denial of a pay raise does not constitute a breach of the union's duty of fair representation. As stated earlier, the pay increase was only designated for new employees who had been paid a probationary wage lower than the base starting scale at the beginning of their employment. Clearly, arbitration was not warranted on this issue.

■ Also, the Court finds that Local 819's decision not to arbitrate Morris' grievance that he was allegedly improperly denied overtime and a uniform allowance under the expired agreement was not arbitrary, discriminatory, or made in bad faith. There is no evidence that Local 819's determination that Morris' claims were untimely, and therefore, best handled by making substantive changes in the successive agreement, was a breach of the plaintiff's right to fair repre-

sentation. Simply put, the Union decided that this course of action was the best approach given the circumstances. This Court will not second-guess the Union's decision.

■ Further, the Court finds that the Union's interpretation of the collective bargaining agreement should be afforded great deference. Therefore, Local 819's interpretation that the shop-steward was entitled to seniority for purposes of lay-offs and recalls, not that the senior most employee was entitled to be shop-steward, as suggested by Morris, is a reasonable one. The Court finds that this does not constitute a breach of the duty of fair representation.

The Court finds that the plaintiff did not satisfy his "substantial" burden of identifying facts that would support a finding that Local 819 acted in bad faith or in a discriminatory manner. Nor did the Union act "so outside a wide range of reasonableness" as to be arbitrary in the resolution of Morris' grievances. The Court finds ample evidence that Local 819 properly considered and resolved Morris' problem with Island and in doing so satisfied its duty of fair representation. Thus, Local 819 is entitled to judgment as a matter of law on the plaintiff's duty of fair representation claim as against it.

The Court notes that most of the plaintiff's arguments are based upon his disagreement with Local 819's interpretation of the Collective Bargaining Agreement, dissatisfaction with the resolution of his grievances, allegations regarding the conduct of former Local 819 officials with respect to matters that have nothing to do with Morris's employment at Island, and speculation regarding the motivations of Local 819 and defense counsel. The Court finds that the plaintiff does not, by these conclusory and unsupported allegations, create triable issues of fact as to whether Local 819 violated its duty of fair representation in its resolution of the plaintiff's grievances against Island.

B. *Defendants' motion to dismiss the claims against Colum Flaherty*

The plaintiff alleges that defendant Colum Flaherty individually breached the duty of fair representation. The defendant contends that because there is no valid basis under the governing federal labor law for such a claim, it should be dismissed.

As to the standard guiding the Court's determination of the defendant's motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'". *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)); *see also Intern. Audiotext Network, Inc. v. AT & T*, 62 F.3d 69, 71 (2d Cir.1995). The Second Circuit stated that in deciding a Rule 12(b)(6) motion a Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken". *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.1993); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991), *cert. denied*, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992).

It is not the Court's function to weigh the evidence that might be presented at a trial, the Court must merely determine whether the complaint itself is legally sufficient, *see Goldman*, 754 F.2d at 1067, and in doing so, it is well settled that the court must accept the allegations of the complaint as true, *see LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991); *Procter & Gamble Co. v. Big Apple Indus. Bldgs, Inc.*, 879 F.2d 10, 14 (2d Cir.1989), *cert. denied*, 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990), and construe all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Doe v. City of New York*, 15 F.3d 264, 266 (2d Cir.1994). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 235–36, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice". Fed.R.Civ.P. 8(f).

It is within this framework that the Court addresses the present motion to dismiss the complaint against Flaherty.

### 1. The "Fair Representation" claim against Colum Flaherty

In *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), the Supreme Court held that union officers and employees are not individually liable to third parties for acts performed as representatives of the union. In *Atkinson*, a third party brought an action against the union and individual union officers for allegedly breaching an agreement. The Court stated that "the union as an entity ... should in the absence of agreement be the sole source of recovery for injury inflicted by it ..., [and] this policy cannot be evaded or truncated by the simple device of suing union agents or members, whether in contract or in tort, or both, in a separate count or in a separate action for damages....." *Id.* at 249, 82 S.Ct. at 1325.

Years later in *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 101 S.Ct. 1836, 68 L.Ed.2d 248 (1981), the Supreme Court reaffirmed and extended their holding in *Atkinson*. The Court ruled that even if the individual's conduct was unauthorized by the union and was in violation of an existing collective bargaining agreement, a damage claim may not be brought against individual union officers or members of a union. *Id.* at 402, 101 S.Ct. at 1838; *see also Peterson v. Kennedy*, 771 F.2d 1244, 1257 (9th Cir. 1985). The Court restated that "the legislative history of § 301 reveals Congress' intent to shield individual employees from liability for damages arising from their breach of ... a collective bargaining agreement." *Id.* at 407, 101 S.Ct. at 1841. Here, the plaintiff asserts that Flaherty breached his duty of fair representation by refusing to consider the merits of the plaintiff's claim

and by failing to act decisively within the powers afforded him by his position as Trustee of Local 819. As such, according to Morris, Flaherty surrendered the right to have his actions protected from liability because he did not exercise his powers as Trustee and his inaction was detrimental to the plaintiff. The plaintiff asserts that there cannot be a blanket exemption from liability for union officials for acts performed as representatives of the Union that is comparable to the immunity of the President of the United States. Morris claims that Flaherty is not exempt from liability for personal misconduct, malfeasance, impropriety and/or corruption.

Citing the law stated above, Flaherty maintains that the plaintiff's opposition essentially constitutes a disagreement with the law and attempts to avoid this governing precedent by stating that he seeks to hold Flaherty liable for omissions rather than affirmative acts. Flaherty claims that there is no legal basis for this distinction. The Court agrees.

The law on this issue is well-settled. Union officers and employees are not individually liable for acts performed as representatives of the union. Morris does not have any recourse against Flaherty or any other individual union official for his claims for breach of fair representation. His recourse lies with a suit against the Union only. The plaintiff's claims against Flaherty are legally insufficient and his motion to dismiss the Complaint must be granted.

### CONCLUSION

After reviewing the parties submissions, and having heard oral argument, and for the reasons set forth above, it is hereby

**ORDERED,** that Local 819's motion for summary judgment pursuant to Fed.R.Civ.P. 56 dismissing the complaint is granted, and it is hereby

**ORDERED,** that Flaherty's motion to dismiss the complaint for failure to state a claim upon which the Court can grant relief pursuant to Fed.R.Civ.P. 12(b)(6) is also granted, and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**