Darren MORRIS, Plaintiff–Appellant,

v.

LOCAL 819, INTERNATIONAL BROTHERHOOD OF TEAMSTERS and Colum Flaherty, Trustee of Local 819, International Brotherhood of Teamsters, Defendants–Appellees.

No. 97–9412.

United States Court of Appeals, Second Circuit.

Argued Jan. 27, 1999.

Decided March 8, 1999.

---

* The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Darren Morris, Pro Se, West Babylon, New York, Plaintiff–Appellant.

Larry Cary, Corinne E. Karlin, Vladeck, Waldman, Elias & Engelhard, P.C. New York, New York, for Defendants–Appellees.

B e f o r e: NEWMAN, WALKER, and CALABRESI, Circuit Judges.

PER CURIAM.

Morris filed a complaint in the New York State Courts in October 1994, alleging that Local 819 and its trustee, Colum Flaherty had breached their duty of fair representation in not pursuing to arbitration certain grievances Morris filed against his employer. The defendants removed the case to the United States District Court for the Southern District of New York in November 1994. Morris objected to the removal, claiming that the district court lacked jurisdiction over his claims. The district court (Haight, *J.*) upheld the removal and, on the motion of both parties, transferred the case to the Eastern District of New York. *See Morris v. Local 819*, No. 94–8010, 1995 WL 293623 (S.D.N.Y. May 11, 1995).

In February 1997, the district court (Spatt, *J.*) granted summary judgment as to the claims against Local 819 and dismissed the claims against Flaherty pursuant to Fed. R.Civ.P. 12(b)(6). *See Morris v. Local 819*, 954 F.Supp. 573 (E.D.N.Y.1997). Within ten days of the judgment, Morris filed a motion for reconsideration, purportedly pursuant to Fed.R.Civ.P. 59. The district court granted the motion insofar as the court reconsidered the basis for its ruling, but affirmed the grant of summary judgment for Local 819 and the dismissal of the claims against Flaherty. *See Morris v. Local 819*, No. 95–2147 (E.D.N.Y. Feb. 14, 1997). We affirm.

The district court had jurisdiction over Morris's complaint, which alleged a breach of the duty of fair representation, a claim arising under the scheme of the National Labor Relations Act. *See White v. White Rose Food*, 128 F.3d 110, 113–14 (2d Cir.1997). Thus, removal was proper.

We review a summary judgment order *de novo, see Matsushita Elec. Indust. Co. v. Zenith Radio Co.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *White*, 128 F.3d at 113, focusing on whether the district court properly concluded that there was no genuine issue as to any material fact, and that the moving party was entitled to judgment as a matter of law, *see Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991). We also review the dismissal of a claim under

784

Fed.R.Civ.P. 12(b)(6) *de novo. See Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996); *Sykes v. James,* 13 F.3d 515, 518–19 (2d Cir.1993). A complaint must not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The grant of summary judgment as to the claims against the union was entirely proper for the reasons stated by the district court. *See Morris,* 954 F.Supp. at 577–80.

■ In considering the 12(b)(6) dismissal of the "fair representation claims" against Flaherty, we must examine whether, as a matter of law, Flaherty may be subjected to such claims. The Supreme Court has long held that "union agents" are not personally liable to third parties for acts performed on the union's behalf in the collective bargaining process. *See Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 247–49, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), *overruled in part on other grounds by Boys Markets, Inc. v. Retail Clerk's Union, Local 770,* 398 U.S. 235, 241, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). The Supreme Court has since widened the embrace of *Atkinson,* ruling that damages immunity remained in effect even if the union had not authorized the actor's conduct. *See Complete Auto Transit, Inc. v. Reis,* 451 U.S. 401, 417, 101 S.Ct. 1836, 68 L.Ed.2d 248 (1981). We now join the other circuits that have considered the issue and hold that 29 U.S.C. § 185(b) and the caselaw provide a shield of immunity for individual union members in suits for breach of the duty of fair representation. *See Evangelista v. Inlandboatmen's Union,* 777 F.2d 1390, 1400 (9th Cir.1985). *See also Montplaisir v. Leighton,* 875 F.2d 1, 4 (1st Cir.1989) (shield against fair representation suits extends to union's agents); *Bey v. Williams,* 590 F.Supp. 1150, 1154–55 (W.D.Pa.1984) (union individuals immune from damages claims), *aff'd without opinion,* 782 F.2d 1026 (3d Cir.1986). Since Flaherty is immune from unfair representation claims, the district court properly granted the 12(b)(6) motion to dismiss those

claims. Accordingly, we affirm the judgment of the district court.