**Jean COVELLO, Plaintiff,**

v.

**DEPOSITORY TRUST COMPANY, Local 153, Office and Professional Employees International Union, AFL–CIO, Mike Thompson and Peter Krippa, Defendants.**

**No. CV 99–337 (ADS).**

United States District Court,
E.D. New York.

March 24, 2000.

Jean Covello, Freeport, NY, pro se.

Proskauer Rose LLP, New York City, Frederic C. Leffler, of counsel, for Defendant Depository Trust Company.

Lilly & Bienstock, Garden City, NY, Thomas J. Lilly, Jr., Anne Lantz Brown, of counsel, for defendants Local 153, Office and Professional Employees International Union, AFL–CIO, Mike Thompson and Peter Krippa.

### *ORDER*

SPATT, District Judge.

On January 19, 1999 the plaintiff *pro se* filed a complaint alleging that the Depository Trust Company violated the Americans with Disability Act, 42 U.S.C. § 12112, *et seq.* in connection with her termination of employment on May 12, 1998. The plaintiff's complaint also contends that Local 153, Office and Profes-

sional Employees International Union, AFL–CIO ("Local 153"), Mike Thompson and Peter Krippa breached the duty of fair representation owed to her pursuant to Section 301 of the Labor–Management Relation Act of 1947 ("LMRA"), 29 U.S.C. § 185. Presently before the Court is Thompson and Krippa's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ("Fed. R. Civ.P.")

## I. BACKGROUND

The following factual allegations are taken from the plaintiff's complaint and are assumed to be true for purposes of this motion. In January, 1987 the plaintiff fractured her left ankle. As a result of the fracture, the plaintiff underwent surgery which required plates, wires and screws to be inserted in her ankle. On October 17, 1987, the plaintiff began working for the Depository Trust Company. Prior to the commencement of her employment, the plaintiff was required to undergo a physical examination. Depository Trust was thus aware of the plaintiff's ankle injury.

When the plaintiff began her employment, her duties included answering the telephone and processing paper work. From August 1997 until November 10, 1997, the plaintiff was required to perform more physical work including going up and down ladders. Due to the plaintiff's difficulty in performing physical labor, she contacted Eugenia Smith, a supervisor who knew of the plaintiff's ankle injury, to complain. Smith not only did not change the plaintiff's job duties, but he criticized the plaintiff's work and gave her an unfavorable evaluation.

On an unidentified date, the plaintiff was contacted by Deidre O'Connell, an employee in Depository trust's personnel department, and was instructed that in order to qualify under the ADA she needed her physicians authorization on a provided form. On November 10, 1997, the plaintiff was approached by Smith who instructed the plaintiff to go home. In addition, Smith informed the plaintiff that she should not come back to work unless her

physician would confirm that she was able to climb ladders.

As a result, the plaintiff contacted her union representative Tracey Palmer and Shop Steward Mike Fettinger. Defendant Mike Thompson was assigned by Local 153 as the plaintiff's representative. Defendant Peter Krippa was the plaintiff's "business representative." On May 12, 1998, the plaintiff received a letter from the Depository Trust Company indicating that she had been terminated. On December 1, 1998, the plaintiff filed charges against Local 153 with the National Labor Relations Board. The plaintiff claims that Local 153 failed and refused to properly represent her. The case proceeded to arbitration and on May 28, 1999, the matter was dismissed.

## II. DISCUSSION

A. *Standards of Review*

1. **Self Representation**

 In addressing the defendants' motions, the Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *Fleming v. United States,* 146 F.3d 88, 90 (2d Cir.1998) (citations omitted). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit his rights by virtue of his lack of legal training. *Traguth v. Zuck,* 710 F.2d 90. 95 (2d Cir.1983). However, the Court is also aware that being a *pro se* plaintiff "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)).

2. **Fed.R.Civ.P. 12(b)(6)**

On a motion to dismiss for failure to state a claim, the Court should dismiss the

complaint pursuant to Rule 12(b)(6) if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Northrop v. Hoffman of Simsbury, Inc.,* 134 F.3d 41, 44 (2d Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 [1957] ); *see also IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994). The Second Circuit stated that in deciding a Rule 12(b)(6) motion, "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir.1996) (quoting *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 [2d Cir.1991] ); *see also International Audiotext Network, Inc. v. AT & T Co.,* 62 F.3d 69, 72 (2d Cir.1995); *Paulemon v. Tobin,* 30 F.3d 307, 308–09 (2d Cir.1994).

It is not the Court's function to weigh the evidence that might be presented at a trial; the Court must merely determine whether the complaint itself is legally sufficient, *see Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985), and in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true, *see Strom v. Goldman, Sachs & Co.,* 202 F.3d 138, 139 (2d Cir.1999); *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991); *Procter & Gamble Co. v. Big Apple Indus. Bldgs., Inc.,* 879 F.2d 10, 14 (2d Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990), and construe all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996); *LaBounty,* 933 F.2d at 123; *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1098 (2d Cir.1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice," Fed.R.Civ.P. 8(f).

The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995), *cert. denied,* 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996) (quoting *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683). Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal under Rule 12(b)(6). *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995) (quoting *Weisman v. LeLandais,* 532 F.2d 308, 311 (2d Cir. 1976)_ [per curiam] ).

**B. *Section 301 of the LMRA***

The plaintiff contends that defendants Thompson and Krippa breached the duty of fair representation owed to her under Section 301 of the LMRA in connection with her dispute with the Depository Trust Company.

In *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 247–49, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), *overruled in part on other grounds, Boys Markets, Inc. v. Retail Clerks Union, Local 770,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), the Supreme Court held that union officers and employees are not individually liable to third parties for acts performed as representatives of the union. In *Atkinson,* a third party brought an action against the union and individual union officers for allegedly breaching an agreement. The Court stated that "the union as an entity . . . should in the absence of agreement be the sole source of recovery for injury inflicted by it . . ., [and] this policy cannot be evaded or truncated by the simple device of suing union agents or members, whether in contract or in tort, or both, in a separate count or in a separate action for

damages ...." *Atkinson,* 370 U.S. at 249, 82 S.Ct. 1318.

Years later in *Complete Auto Transit, Inc. v. Reis,* 451 U.S. 401, 101 S.Ct. 1836, 68 L.Ed.2d 248 (1981), the Supreme Court reaffirmed and extended its holding in *Atkinson.* The Court ruled that even if the individual's conduct was unauthorized by the union and was in violation of an existing collective bargaining agreement, a damage claim may not be brought against individual union officers or members of a union. *Id.* at 402, 101 S.Ct. 1836. The Court restated that "the legislative history of § 301 reveals Congress' intent to shield individual employees from liability for damages arising from their breach of ... a collective bargaining agreement." *Id.* at 407, 101 S.Ct. 1836

Recently, the Second Circuit upheld a decision rendered by this Court in *Morris v. Local 819,* 954 F.Supp. 573 (E.D.N.Y. 1997), *aff'd,* 169 F.3d 782 (2d Cir.1999). The Second Circuit stated that "[w]e now join the other circuits that have considered the issue and hold that 29 U.S.C. § 185(b) and the caselaw provide a shield of immunity for individual union members in suits for breach of the duty of fair representation." *Id.* at 784 (citing *Montplaisir v. Leighton,* 875 F.2d 1, 4 (1st Cir.1989)); *Evangelista v. Inlandboatmen's Union,* 777 F.2d 1390, 1400 (9th Cir.1985) (other citations and parentheticals omitted).

The law in this Circuit on whether a union agent may be personally liable under Section 301 of the LMRA is well-settled. Union officers and employees are not individually liable for acts performed as representatives of the union. As such, the plaintiff does not have any recourse against defendants Thompson and Krippa or any other individual union official for her claims for breach of fair representation. The plaintiff's remedy lies only with a suit against the Union. Accordingly, the plaintiff's claims against Thompson and Krippa are legally insufficient and their motion to dismiss the complaint must be granted.

Based on the foregoing, it is hereby

**ORDERED,** that the Mike Thompson and Peter Krippa's motion to dismiss is **GRANTED;** and it is further

**ORDERED,** that the Clerk of the Court is to amend the caption to read as follows:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

JEAN COVELLO, Plaintiff,

-against-

DEPOSITORY TRUST COMPANY and LOCAL 153, OFFICE and PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, AFL–CIO, Defendants.

**SO ORDERED.**