OPINION OF THE COURT
Louis B. York, J.
Plaintiff, Duane Reade Inc., and defendants Local 338 of the Retail, Wholesale and Department Store Union, UFCW, AFL-CIO (Local 338 or the union) and its officers (collectively the defendants) have been involved in a heated labor dispute for several years. In an attempt to win public support, the union has vocalized its contentions about plaintiff through press releases and fliers, and has posted a Web site. While plaintiff concedes that the union is entitled to free speech, it alleges that the union’s statements are libelous and damaging. Duane Reade has sued Local 338 for defamation, asserting that the union has met the necessary member ratification requirements needed to hold the union, as a whole, accountable. In the alternative, plaintiff sues the union’s officers, contending that if the actions were not unanimously ratified then the officers had acted outside the scope of their official capacities. Currently, defendants move to dismiss the complaint. Plaintiff opposes the motion. For the reasons below, the court grants the motion and dismisses the complaint.
The uncontested facts leading up to this case are as follows. Duane Reade is a party to an expired collective bargaining agreement with the Allied Trade Council (ATC). The agreement recognizes ATC as the sole collective bargaining agent for many of Duane Reade’s full-time employees. In April of 2003, after the agreement had expired, Local 338 sought to affiliate with the Allied Trade Council. ATC contested the first vote, which disfavored affiliation. A second election was held on May 29, 2003. Currently Duane Reade is challenging this outcome. Plaintiff has declined to recognize the affiliation vote, and has refused to engage in collective bargaining with the union to date.
In late November of 2003, after months of labor dispute, defendant posted a Web site entitled www.DwayneGreed.com (the Web site). The Web site explicitly states that it is sponsored by Local 338 and bears the union’s logo on every Web page. The introductory line to the Web site states:
“Thank you for stopping by to find out why Duane Reade is New York’s Greediest Employer. Throughout this site you will see how Duane Reade takes *792 advantage of its workers, has violated US labor law, rips off the consumers of New York and is a general bad neighbor for all of New York City.” (<www.DwayneGreed.com/dwaynegreed/index.asp>.)
The Web site entreats its viewers to “[s]end an email to Duane Reade telling them to treat their workers with dignity and respect,” and to “[j]oin the workers’ campaign” (id.)-, it also posts a time line of labor negotiations between Duane Reade and its employees. The Web site also contains many alleged defamatory remarks. The Web site cites a New York Post article accusing the plaintiff of trying to sell HEPA air filters intended for the World Trade Center relief effort. It also cites a report by Assemblyman Jeff Klein (the Klein report) alleging that “Duane Reade stores in heavily minority zip codes charged the highest prices” for prescription drugs (<www.DwayneGreed.com/ dwaynegreed/FILLEDPRESCRIPTIONS.pdf>).
The union also issued two press releases in December 2003. In the first, a spokesperson for the union accused Duane Reade executives of taking home sizable bonuses, while employees were denied holiday bonuses for three consecutive years. The second press release cited the Klein report, about Duane Reade’s allegedly discriminatory pricing policies.
In an attempt to solicit communal support, and publicize the Web site, union members have distributed flyers bearing the aforementioned allegedly defamatory statements and containing the “DwayneGreed” Web address.
Plaintiff brings this cause of action against a union (an unincorporated association) as an individual entity, contending that it should bear the fault of its members’ actions. In Martin v Curran (303 NY 276 [1951]), the New York Court of Appeals set the controlling standard for determining whether a plaintiff may maintain a particular action against a union. Under New York law, a plaintiff must allege and prove that each individual union member authorized or ratified the alleged wrongful acts. It is insufficient to plead that a majority or controlling portion of the union voted for a specific action; the authorization must be unanimous. (Id. at 282.) Plaintiff argues that this application of Martin is illogical, yet both the language of Martin as well as subsequent case law confirm this rule. “So, for better or worse, wisely or otherwise, the Legislature has limited such suits against association officers, whether for breaches of agreements or for tortious wrongs, to cases where the individual liability of every single member can be alleged and proven.” (Id. [emphasis added].)
*793 In Duane Reade, Inc. v Local 338 of Retail, Wholesale & Dept. Store Union, UFCW, AFL-CIO (3 Misc 3d 405 [2003]) — a previous action between our two parties arising out of the current labor dispute — the court applied the Martin standard and dismissed Duane Reade’s complaint because it could not plead and prove the liability of each and every union member. (Id. at 408.)
Plaintiff has advanced several unpersuasive arguments in support of its position that the union’s actions need not be unanimously ratified by its members. These arguments have just been dismissed by the court in Duane Reade, and shall be discussed here only briefly.
Plaintiff attempts to extend the exception of Madden v Atkins (4 NY2d 283 [1958]) to the present case. Madden involved a union employee who sued the union for wrongful discharge. The Court noted Martin, yet allowed him to bring suit against the union, even though the decision was not made unanimously, so long as the decision was made on part of its members and in accordance with its constitution. Madden clarifies that it does not overrule Martin-, instead, it affords a narrow exception to workers who were wrongfully expelled from employment, which should not be extended to the case at bar. In Madden, the Court stressed that although the exception applies “where damages are sought against an unincorporated union on account of libel, the rule is otherwise in cases of wrongful expulsion.” (Id. at 294-295 [citations omitted].) Duane Reade aims to have the exception swallow the rule.
Duane Reade asserts that Martin’s unanimous ratification requirement can be circumvented through “implied agency” or “implied delegation.”* Under this principle, union members automatically ratify all future union actions voted on by union members in accordance with the union’s constitution. Plaintiff reasons that if the union constitution only requires a majority vote to ratify an action, then every majority vote has each member’s consent. Martin requires direct ratification by each and every one of its members; it expressly excludes theories of agency or delegation. “No agency of one member for another is implied.” (Martin, 303 NY at 280.)
Duane Reade has included individual union members and officers in its complaint, apart from the actual union, suing them *794 in their individual capacities. Plaintiff contends that if the actions were not ratified by the entire union then the tortious actors were outside the scope of their union capacity, and could therefore be sued as individuals. Established case law dictates otherwise. “[U]nion officers and employees are not individually liable to third parties for acts performed as representatives of the union.” (Covello v Depository Trust Co., Local 153, 88 F Supp 2d 59, 61 [ED NY 2000], citing Atkinson v Sinclair Ref. Co., 370 US 238, 247-249 [1962] [internal citations omitted].)
Martin and its progeny obligate the court to dismiss the complaint.
Even absent the Martin rule, the court must still dismiss the complaint because this cause of action is preempted by the National Labor Relations Act (NLRA).
The Supreme Court has long ago established that a state court lacks jurisdiction over matters which may be assumed to be either protected or prohibited under federal labor law. (See San Diego Bldg. Trades Council, Millmen’s Union, Local 2020 v Garmon, 359 US 236 [1959].) Plaintiff argues that the union’s defamatory activities are unrelated to the long-standing labor dispute between the two parties. A look at the documents proves otherwise; all of the statements were made in an effort to garner public support for Local 338. The Web site bears the union symbol on every page and asks to help “save worker’s rights”; both press releases deal solely with Duane Reade’s failure to negotiate with the newly united union; and, while the flyer does not expressly mention the union, it is a means of directing traffic toward its Web site. Attempts by employees and labor organizations to enlist the aid of third parties or the public fall under the protection of section 7 of the NLRA (29 USC § 157), so long as (1) the communications clearly indicate the existence of a labor dispute with the employer, and (2) the critical statements are not maliciously untrue. (See Sierra Publ. Co. v National Labor Relations Bd., 889 F2d 210, 217 [9th Cir 1989].)
Plaintiff points to an exception to the rule of preemption. Garmon dictates that a state may grant compensation, governed by its traditional laws of torts, when the conduct is “marked by violence and imminent threats to the public order.” (See Garmon at 247.) In Linn v United Plant Guard Workers of Am., Local 114 (383 US 53, 65 [1966]), the Supreme Court applied this doctrine to libel, but only in instances in which the complaint can show that the defamatory statements were circulated with malice and caused him damage. See Old Dominion Branch No. *795 496, Natl. Assn, of Letter Carriers, AFL-CIO v Austin (418 US 264 [1974]) where the Court — based on the test introduced in New York Times Co. v Sullivan (376 US 254, 279-280 [1964])— defines malice as knowledge of or with reckless disregard for the truth or falsity of the facts alleged. Based on the facts alleged, Duane Reade cannot demonstrate that the allegedly defamatory statements are maliciously false.
Moreover, the union is protected by the republication privilege. Aside from certain statements which are clearly opinion— e.g., “Duane Reade is New York’s Greediest Employer” or “Duane Reade is a bad neighbor” — and therefore can never be false, all of the factual allegations are merely reprints from credible sources. Under New York law, a republisher of factual statements may rely on the research of the original publisher (see Karaduman v Newsday, Inc., 51 NY2d 531, 545-547 [1980]) so long as the defendant was not grossly irresponsible. Relying on a long-running New York City daily newspaper, as well as on the research of a state assemblyman, is clearly not grossly irresponsible.
Furthermore, the union statements were indeed true, an absolute defense to defamation (see Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 382 [1977]). The union never claimed to have researched the allegations, nor did it openly agree with the findings. It merely published what the New York Post reported and what Assemblyman Klein said, all the while making it clear that the information was nothing more than a reprint. It is an uncontested fact that the aforementioned two did make those statements. This case is therefore preempted by the NLRA.
Based on the above, therefore, it is ordered that the motion is granted and the action dismissed.

 Plaintiff now terms this theory “explicit delegation”; its ramifications remain unchanged.